OPINION
{¶ 1} JoAnn Gieseke is appealing from the summary judgment granted against her as the result of her debt to Citibank (South Dakota), NA ("Citibank"). She assigns a single error for our consideration:
 The Court made an error in abusing its discretion to apply a standard of a rubber stamp to review a motion for summary judgment when a reasonable weighing of the balance of undisputed facts with arguments dealing with evidence and hearsay including objections indicated nothing less than a standard of an independent review of the motion for summary judgment fairly would have served a duty to justice *Page 2 
and protected Appellant-Defendant's equal right to due process in the Tenth District under the U.S. Constitution.
 {¶ 2} Citibank filed a lawsuit on October 26, 2007 in which it claimed that JoAnn Gieseke owed it over $24,000 on a credit card issued by the bank. Certified mail service was obtained on November 7, 2007. Gieseke filed an answer on December 5, 2007 in which she alleged she owed nothing because the bank had engaged in unconscionable conduct.
 {¶ 3} Gieseke also filed a huge number of documents which she claimed served to demonstrate her position.
 {¶ 4} Counsel for Citibank pursued discovery, including a request for admissions and interrogatories. Gieseke responded with answers to the interrogatories and request for admissions which by and large claimed the questions or requests were moot or addressed by the dozens of documents she had filed previously. She also filed a copy of her Equifax credit report, a copy of her credit report from Experian and a copy of her credit report from Transperian.
 {¶ 5} In April 2008, counsel for Citibank filed a motion for summary judgment with appended exhibits and an affidavit from a duly authorized agent of Citibank which indicated funds were owed. In response, Gieseke refiled a huge number of credit card statements and related documents. She also refiled her answer and her answers to the discovery documents propounded by Citibank.
 {¶ 6} On May 20, 2008, Gieseke filed a motion requesting an extension until June 22, 2008 to respond to the motion for summary judgment. She subsequently filed copies of 2006 credit card statements from Citibank which showed balances due in *Page 3 
excess of $21,000 and monthly payments in excess of $400 under an autopay agreement from her checking account.
 {¶ 7} Gieseke filed a memorandum in response to the motion for summary judgment in which she alleged that she fell behind in her payments due to a shortage in one of her accounts and a problem with the autopay system involving that account. She acknowledged that she stopped making payments altogether in December 2006, but alleged that Citibank was not entitled to recover based upon her "defense that whether Plaintiff breached its contract by fraud and by disclaimers and by anticipating disclaimers."
 {¶ 8} The trial judge found that there were no genuine issues of material fact and that Citibank was entitled as a matter of law to judgment on the unpaid balance on the account.
 {¶ 9} The large volume of documents in the court file demonstrate a huge financial problem Gieseke faced when problems developed with the account from which the autopay system withdrew funds to pay the Citibank credit card account. A huge number of "insufficient funds" charges were assessed against her. She apparently had to transfer funds around to minimize the damage. However, nothing Citibank did constituted fraud or a breach of contract.
 {¶ 10} The trial court had before it undisputed evidence that Gieseke had incurred over $21,000 in credit card charges which were unpaid. The trial court did not have proof that Citibank engaged in fraud or other conduct which excused Gieseke from paying her credit card balance. The trial court was correct to grant summary judgment under the circumstances. *Page 4 
 {¶ 11} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and CONNOR, JJ., concur. *Page 1